·42   SUPREME COURT OF WISCONSIN.   [MAY

State ex rel. Attorney General v. Thekan, 184 Wis. 42.

STATE EX REL. ATTORNEY GENERAL, Respondent, vs. THE-
KAN and another, Appellants. · ·

*April 11—May 6, 1924.*

*Intoxicating liquors: Premises used for the manufacture, sale, or
possession: Abatement of nuisance: Jurisdiction of court:
Pleading: Demurrer.* ·

1. Independent of sub. (22), sec. 165.01, Stats. 1923, declaring
   premises where intoxicating liquor is illegally manufactured
   or sold to be public nuisances, in view of the public policy of
   the nation and the state the continued use of premises for
   such purpose constitutes them a public nuisance.  p. 46.
2. On a general demurrer the allegations of a complaint must be
   deemed to be true.  p. 46.
3. A complaint which alleged that certain premises were used for
   the manufacture, sale, and possession of intoxicating liquors
   contrary to law by a tenant who has a license to sell non-
   intoxicating liquors, and had been so used by a former tenant,
   to the knowledge of the owner, and that the law itself was
   used as a means and a subterfuge for violating its very pro-
   visions, and which prayed abatement of the nuisance and an
   injunction, states a cause of action both under the provisions
   of sec. 3180a of the statutes and independently thereof.
   p. 48.

APPEAL from an order of the circuit court for Milwaukee
county: WALTER SCHINZ, Circuit Judge.  *Affirmed.*

The appeal is from an order overruling a demurrer to
plaintiff's complaint.

The complaint alleges in substance that the defendant
*Sophie Thekan* is the owner of a building in the village of
West Milwaukee and that the defendant *Frank M. Thekan*
is the lessee and occupant thereof; that the latter, under a
license from the village of West Milwaukee, conducts a
soft-drink parlor therein; and that prior to the time of the
tenancy of said *Frank M. Thekan* the premises were occu-
pied by other tenants who were also licensed to conduct
soft-drink parlors therein; that during the entire period
above referred to these premises were used for the manu-

State ex rel. Attorney General v. Thekan, 184 Wis. 42.

facture and sale of intoxicating liquors and are now being used for such purpose, contrary to the provisions of the statutes in such case made and provided; that the defendant *Sophie Thekan* had knowledge of such unlawful use of said premises; that such unlawful use operates to the irreparable detriment of the general public; and that the premises are and constitute a public nuisance. The complaint prays for judgment abating the nuisance and for an injunction enjoining the defendants from using said premises for the sale of non-intoxicating beverages, and from granting, selling, conveying, transferring, leasing, or using said premises in any manner whatsoever until the further order of the court.

The defendants interposed a general demurrer to the complaint, which demurrer was overruled by the court, and from such ruling the defendants have taken this appeal.

For the appellants there was a brief by *George J. Carroll, Charles A. Thekan,* and *A. W. Richter,* all of Milwaukee, and oral argument by *Mr. Richter.*

For the respondent there was a brief by the *Attorney General, Emmert L. Wingert* of Madison, and *Robert M. Rieser,* deputy attorney general, and oral argument by *Mr. Rieser.*

DOERFLER, J. The principal relief prayed for is an abatement of the nuisance and an injunction prohibiting the use of such premises for the purpose of selling therein non-intoxicating beverages, upon the ground that such premises are so used as a cover for the manufacture and sale of intoxicating liquors.

Under the provisions of sub. (30), sec. 165.01, Stats., the possession of intoxicating liquor on or about the licensed premises is prohibited. Sub. (22), sec. 165.01, provides as follows:

"Any room, house, building, . . . or place where intoxicating liquor is manufactured, sold or kept in violation of

any of the provisions of this chapter, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared a public nuisance, and any person who maintains such nuisance, upon conviction thereof, shall be fined not more than one thousand dollars or be imprisoned for not more than one year or both. If a person has reason to believe that his room, house, building, . . . or place is occupied or used for the manufacture or sale of liquor, contrary to the provisions of this chapter, and suffers the same to be so occupied or used, such room, house, building, . . . or place shall be subject to a lien for and may be sold to pay all fines and costs assessed against the person guilty of such nuisance and any such lien may be enforced by action in any court having jurisdiction."

The action herein is brought under the provisions of sec. 3180*a*, which provides as follows:

"An action to enjoin a public nuisance may be commenced and prosecuted in the circuit court of the county in which the alleged nuisance exists, in the name of the state, either by the attorney general upon his own information, or upon the relation of a private individual having first obtained leave from said court to commence and prosecute the same. The same rule as to liability for costs shall govern as in other actions brought by the state. In such action, the defendant shall answer in ten days after the service of the complaint, and hearing may be had upon five days' notice by either party thereafter. No stay of any order or judgment enjoining or abating, in any action under this section, may be had except the appeal be taken within five days of notice of entry of such judgment or order or service of the injunction. Upon appeal and stay, the return to the supreme court shall be made immediately, and the appeal may be heard as soon thereafter as that court shall direct. Nothing in this section shall be construed to limit the general equity powers of courts to grant temporary injunctions to extend the time for any pleading or proceeding, to impose conditions other than those herein enumerated upon a stay, or in any other manner. No extension of time, however, shall be granted in an action brought under this section by any court commissioner."

Sec. 3181 provides:

"In such actions, when the plaintiff prevails, he shall, in addition to the usual judgment for damages and costs, also have judgment that the nuisance be abated and removed unless the court in which such action shall be tried shall certify, in the minutes of such trial, that the abatement thereof is unnecessary."

Sec. 165.01 was enacted by the legislature upon the adoption of the Eighteenth amendment to the federal constitution. Such constitutional amendment was expressly designed to prohibit the manufacture, sale, and use of intoxicating liquors for beverage purposes. Upon the enactment of the Eighteenth amendment to the constitution Congress passed the Volstead Act, which is the national enforcement act, and the provisions of sec. 165.01 of the Statutes of this state are to a large degree similar to those contained in the Volstead Act.

For the reason that traffic in non-intoxicating liquors affords an easy cover for dealing in intoxicating liquors, the legislature has seen fit to regulate the sale of non-intoxicating liquor. In *Pennell v. State,* 141 Wis. 35, 123 N. W. 115, it was held that the legislature had the right either to regulate or to forbid the sale of non-intoxicating liquor in order to make more effective the law prohibiting the sale of intoxicating liquor. The importance of the various enactments prohibiting the manufacture and sale of intoxicating liquors for beverage purposes becomes apparent when we consider that the nation has seen fit to incorporate prohibition in the constitution by the Eighteenth amendment. The public policy of the nation and of the various states has been declared in definite and unequivocal terms, not only by the Eighteenth amendment and the act of Congress in the passage of the Volstead Act, but by the various statutes on the subject passed by the legislatures of the different states. Even before the passage of the constitutional amendment it

State ex rel. Attorney General v. Thekan, 184 Wis. 42.

was said by this court in *State ex rel. Att'y Gen. v. Stoughton Club,* 163 Wis. 362, 158 N. W. 93:

"The power of the legislature to deal with the liquor traffic by regulation or suppression is quite plenary and has time and again been justified as a valid exercise of the police power. In *Zodrow v. State,* 154 Wis. 551, 143 N. W. 693, in speaking of such power it was said: 'It may be summed up as resting upon the fundamental principle that society has an inherent right to protect itself; that the preservation of law and order is paramount to the rights of individuals or property in manufacturing or selling intoxicating liquors; that the sobriety, health, peace, comfort, and happiness of society demand reasonable regulation, if not entire prohibition, of the liquor traffic. Unrestricted it leads to drunkenness, poverty, lawlessness, vice, and crime of almost every description. Against this result society has the inherent right to protect itself—a right which antedates all constitutions and written laws—a right which springs out of the very foundations upon which the social organism rests; a right which needs no other justification for its existence or exercise than that it is reasonably necessary in order to promote the general welfare of the state.' "

Bearing in mind the constitutional provision and the statutes and the declarations of the courts on the subject of the prohibition of the liquor traffic, it is not surprising that the legislature of this state has seen fit to declare, by sec. 165.01, premises where intoxicating liquor is manufactured, kept, or sold in violation of law public nuisances. Independent of the provisions of sub. (22) of sec. 165.01, in view of the public policy of the nation and of the state, the continued use of premises for the manufacture, sale, and possession of intoxicating liquors contrary to law would constitute such premises a public nuisance.

Under a general demurrer the allegations of the complaint must be deemed to be true. It is there alleged not only that the premises in question were used for the manufacture, sale, and possession of intoxicating liquors contrary to law, but that the law itself was used as a means and a

subterfuge for the purpose of violating its very provisions. It is an offense against the statutes for a person not licensed to sell non-intoxicating beverages or to have in his possession or to manufacture and sell intoxicating liquors unless he comes under the exceptions provided for by the statutes. The use of premises for the manufacture, sale, or possession of intoxicating liquors contrary to law, by the provisions of sub. (22), sec. 165.01, constitutes such premises a public nuisance, and where under the statute a license or permit is issued to a person to sell non-intoxicating liquor upon premises, it is done with the express understanding and agreement of the licensee that he will not use such premises for the manufacture, sale, or possession of intoxicating liquor, and the possession of intoxicating liquors upon such premises is expressly prohibited by the statute. Furthermore, it has been held that licensed premises may be entered by the officers of the law and searched for the purpose of discovering intoxicating liquors thereon, and that the licensee, when he applies for and accepts a license, waives his constitutional rights with respect to searches and seizures on such premises. All of these precautionary and regulatory measures pertaining to the sale of non-intoxicating beverages have been found necessary in order to make the prohibition enforcement statutes effective and to make it as difficult as possible for licensees to use premises in violation of law. So that where, under the law, trust and confidence is placed in a citizen and a privilege is extended to sell non-intoxicating liquors, and this very privilege is abused and is resorted to as a means of circumventing the law itself, it is not surprising that the legislature has seen fit to declare the unlawful practice in the unlawful use of such premises a public nuisance; and sec. 3180a, Stats., and subsequent acts were expressly enacted, in part at least, to meet such a situation, in order that prompt justice might be done and that the law might be fully vindicated.

It appears to us that, independent of the provisions of sec.

3180a, a court of equity would have full power and jurisdiction not only to abate the nuisance complained of, but to prohibit also the use of premises for the sale of non-intoxicating beverages under a license, where the privilege is used as a mere subterfuge for the purpose of evading the law. The constitutional amendment and the various enforcement acts are designed to promote the public health. Considerations of the public health and welfare are superior to the rights of private property and so-called vested rights. The necessity and urgency of prompt action in cases of public nuisances is made clearly manifest by the procedural provisions contained in sec. 3180a. While sec. 3180a was not enacted expressly in view of the provisions of sub. (22), sec. 165.01, nevertheless it would be hard to conceive of a situation where prompt and speedy action, with a view to an abatement, would be more urgent. The property in question was used by the defendant *Frank M. Thekan* and his predecessors in conducting a soft-drink parlor, under license, primarily for the purpose of enabling them to evade the law and to illegally manufacture, sell, and possess intoxicating liquors, and the complaint alleges that they were convicted of such violations. These facts were all known to the defendant *Sophie Thekan,* the owner of the premises. Consequently, with full knowledge of the facts, she permitted these premises to be used for unlawful purposes; and not only that, but both of the defendants are now engaged in violating the law.

While the statute provides for a penalty on account of violation of the liquor laws, the enforcement of such penalty under the allegations of the complaint does not operate to eradicate the evil. The remedy under the criminal statute is inadequate, and, when such a situation arises, the majesty of the law can only be vindicated by a resort to an equitable proceeding.

We therefore conclude that the complaint states a cause of action and that the demurrer was properly overruled.

Independent of any phase of the issue above presented, we also hold that the complaint is not subject to attack by general demurrer.

By the Court.—Order affirmed.