VORVILAS (Daniel), Respondent, vs. VORVILAS (Mary), Defendant: VORVILAS (Diane), Interpleaded Defendant and Appellant.

*February 18—March 29, 1948.*

*Dewey B. Gill,* guardian *ad litem,* of Milwaukee, for the appellant.

For the respondent there was a brief by *Rubin & Ruppa* of Milwaukee, and oral argument by *Nathan Ruppa.*

FOWLER, J.   The complaint brought by husband against wife states two causes of action.   One is for annulment of marriage on the ground that the marriage was fraudulently procured by the wife through concealing from the husband that at the time of the marriage she was pregnant by a man other than the husband.   The other realleges the matter stated in the first cause of action, alleges that the defendant has associated with a man other than the husband since the marriage, has been keeping company with him and has informed plaintiff that she is in love with him and desires her freedom.   Plaintiff has never cohabited with the defendant except during the night of their marriage, and feels that he cannot endure living with the wife under the circumstances and that to require him to do so would constitute cruel and inhuman treatment by means other than violence.   The wife did not answer the complaint except to say orally by her guardian *ad litem* on the last day of the trial of the action that she did not perpetrate any fraud upon the plaintiff at the time of their marriage.

The legislature by enacting ch. 38, Laws of 1945, created sec. 328.39, Stats., providing in part:

*"Presumption of legitimacy.*   Whenever it is established in an action that a child was born to a woman while she was the lawful wife of a specified man, any party asserting the illegitimacy of the child in such action shall have the burden of proving beyond all reasonable doubt that the husband was not the father of the child.   In all such actions the husband and the wife are competent to testify as witnesses to the facts.

The court or judge shall in such cases appoint a guardian *ad litem* to appear for and represent the child whose paternity is questioned."

The complaint having stated that a child named Diane was born to the defendant after the marriage and asserted its illegitimacy, plaintiff's attorneys asked pursuant to this statute that a guardian *ad litem* be appointed for it. Mr. Gill was so appointed.

Having been so appointed the guardian *ad litem* demurred to the "part of the complaint" that refers to paternity "on the ground that it does not state facts sufficient to constitute a cause of action" which the court overruled on May 13, 1946, with the privilege to the guardian *ad litem* to serve a pleading within ten days. It should be noted that a demurrer does not lie to a part of a cause of action. Sec. 263.08, Stats. At this juncture the guardian *ad litem* of Diane filed what he denominated a reply which was ample to raise issue as to her legitimacy. It stated Diane was born February 8, 1944; that plaintiff and defendant cohabited and had sexual relations prior to their marriage on August 6, 1943, when Diane was conceived as a result thereof and that plaintiff was within the boundaries of the United States at said time; that plaintiff while in the armed services of the United States requested the government in writing to make an allowance for the support of Diane and is thereby estopped from denying that he is the father of Diane; that defendant made a like request after the birth of Diane, and was allowed and received such allowance and is likewise estopped from denying the legitimacy.

In this situation the case went to trial on September 23, 1946, and continued until noon intermission. In the meantime both plaintiff and defendant had been examined by plaintiff's attorneys and the birth of the child in February, 1944, and its conception in May, 1943, had been definitely established and both parties had testified that the only sexual intercourse that had taken place between them had occurred on the

night of their marriage, August 6, 1943. It had also developed that the defendant had interposed no answer and that she was a minor and a guardian *ad litem* had been appointed for her. The guardian *ad litem* of Diane had called the wife for "adverse examination" and objection had been made to her adverse examination because Diane was not a party to the action and defendant therefore was not subject to such examination. At two o'clock when the court resumed, the court took matters in its own hands, ordered the divorce counsel to appear, and ordered Diane made a party defendant under the impleader statute. The guardian *ad litem* objected to that. The court then adjourned the matter to October 25th, directed the divorce counsel then to appear; directed the plaintiff to prepare a pleading raising against the child the question of its legitimacy, and directed the guardian *ad litem* to reply to it, to which the guardian *ad litem* excepted.

On the morning of October 25th, the parties and counsel appeared in court but it developed that the amended summons and complaint making Diane a party had been served only on the guardian *ad litem* of Diane instead of upon her guardian as sec. 262.08 (1), Stats., provides and, the guardian *ad litem* having appeared specially and objected to the jurisdiction of the court, the court refused to proceed until the child was served as per statute. The court thereupon set the matter for November 29th.

The parties and counsel again appeared in court on November 29th, when the guardian *ad litem* moved for dismissal of the amended complaint on the ground that it asked no relief against Diane, which the court denied. The guardian *ad litem* then moved to dismiss because an action for divorce and an action for determination of Diane's rights could not be joined. This motion was also denied. The guardian *ad litem* then asked for leave to serve and file an answer to the complaint. This was permitted and the guardian *ad litem* then moved to strike from the record all reference to the legitimacy of Diane

on the ground that the court had no jurisdiction to try a question of legitimacy in a divorce action; that the only way in which the paternity of a child can be brought into question is by ch. 166, Stats. This motion was also denied.

The trial then proceeded. The defendant was called by the guardian *ad litem* and testified as to her sexual relations, and the court called on Stiever, a twenty-year-old boy, who said he is married and admitted he is the father of the child, Diane, although he was not sworn. Here the court adjourned the matter again and directed the divorce counsel to see about bastardy proceedings being brought in the district attorney's office against Stiever for support of the child, saying when the proceedings were completed he would proceed with the trial. The district attorney having declined to institute proceedings under ch. 166, Stats., against Stiever, the court on December 20th again proceeded with the trial of this case and at conclusion of the testimony announced its findings to the effect that the defendant at her marriage was pregnant by a man other than her husband; that the parties cohabited only on August 6, 1943, the date of their marriage; that the defendant concealed the fact of her pregnancy from the plaintiff and was guilty of fraud and deception in so doing, and that the child Diane is not the child of the plaintiff. Judgment was thereupon entered that the "purported marriage . . . be vacated, . . . and held for naught." "That no alimony be allowed to the defendant; . . . and that no payment for support shall be made by the plaintiff for the infant child, Diane Vorvilas."

There has been much false motion, useless delay, and waste of time and effort in this case, primarily due to the failure of the guardian *ad litem* of Diane to appreciate that it is for the legislature to declare the public policy of the state in relation to competency of husband and wife to testify to the parentage of children born to the wife during their marriage. In the case of *Romanowski v. Romanowski,* 245 Wis. 199, 14 N. W. (2d) 23, this court very rightly adhered to the rule as to that

matter as it unquestionably existed at the time that decision was rendered. That decision seems to have aroused members of the legislature to change the rule there applied. The ruling having been changed to read as above stated, there was nothing for the court to do but apply that rule in the instant case and receive the evidence of both parties relative to the parentage of Diane and decide the question of legitimacy according to that evidence. And the statute having required the appointment of a guardian *ad litem* for Diane, it should have been made immediately effective by allowing to the guardian *ad litem* the rights ordinarily exercised by a guardian *ad litem* to show the facts establishing those rights. We see no reason why full and final hearing should not have been had upon the first hearing. Plaintiff questioned the defendant in making his case and the guardian *ad litem* might properly cross-examine her. What matter when she was subject to cross-examination whether she was technically subject to examination as a party adverse to Diane or not? The statute provides for appointment of a guardian *ad litem* for the child to the end that the facts may be established on which the child's legitimacy depends and contemplates that without further ado those facts be adduced and determined. The evidence as a whole unquestionably supports the findings of fact and the judgment, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.