Town of Blooming Grove and another, Appellants, v. City of Madison, Respondent.

*September 10—October 7, 1958.*

For the appellants there were briefs by *Earl I. Cooper* of Madison, for the town of Blooming Grove, and *William J. P. Aberg* of Madison, for the F. S. Royster Guano Company, attorneys, and *Paul C. Gartzke* of Madison of counsel, and oral argument by *Mr. Cooper, Mr. Aberg,* and *Mr. Gartzke.*

For the respondent there was a brief and oral argument by *Harold E. Hanson,* city attorney.

CURRIE, J.  The first issue to be resolved is whether there is an appealable order before us. If the order be found not appealable, we lack jurisdiction to pass upon the merits of the trial court's order to strike.

Ordinarily an order to strike one or more portions of a pleading is not appealable. *First Wisconsin Nat. Bank v. Pierce* (1938), 227 Wis. 581, 596, 278 N. W. 451; *Gilbert v. Hoard* (1930), 201 Wis. 572, 573, 230 N. W. 720; and *Wiesmann v. Shanley* (1905), 124 Wis. 431, 102 N. W. 932. A well-recognized exception to such rule is when the motion to strike serves the same purpose as would a demurrer. *Lounsbury v. Eberlein* (1957), 2 Wis. (2d) 112, 86 N. W. (2d) 12. Therefore, the appealability of the instant order is dependent upon whether a demurrer would be permissible to attack the portions of the complaint which were stricken by such order. We are satisfied that it would not.

Sec. 263.08, Stats., provides: "The demurrer may be taken to the whole complaint or to any of the alleged causes of action therein; . . . " In *Vorvilas v. Vorvilas* (1948), 252 Wis. 333, 335, 31 N. W. (2d) 586, this court stated that a demurrer does not lie to part of a cause of action stated in a complaint.

Courts frequently have been forced to struggle with the problem of what constitutes a cause of action. This court, in *McArthur v. Moffet* (1910), 143 Wis. 564, 571, 128 N. W. 445, considered various definitions of cause of action and reached this conclusion:

"There seems no logical escape from the conclusion that the term 'cause of action' must include the facts showing (1) the plaintiff's right; (2) the defendant's corresponding duty; and (3) the defendant's breach of that duty, or, to put it more tersely, the plaintiff's right and its violation by the defendant."

There is probably no definition of cause of action which would fit all the various uses which are made of such term.

Some courts have stated that it means different things in different contexts. We deem that the following comments of the United States supreme court in *Baltimore Steamship Co. v. Phillips* (1927), 274 U. S. 316, 321, 47 Sup. Ct. 600, 71 L. Ed. 1069, as to the nature of a cause of action is apropos to the problem confronting us in the instant appeal:

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong."

We are convinced that the instant complaint states but one cause of action and that is to have the ordinance of annexation voided. The stricken portions of the complaint constituted part of the grounds which the plaintiffs alleged entitled them to the relief sought. Therefore, such stricken portions constituted but part of a single cause of action and were not demurrable.

Our holding that the order to strike is not appealable does not mean that the plaintiffs are left without a remedy to have such order reviewed by this court in the event the same results to their prejudice. This is because in the event a judgment unfavorable to the plaintiffs is entered after a trial on the merits, the plaintiffs may appeal from such judgment and thereby obtain a review of the order to strike as an intermediate order.

*By the Court.*—Appeal dismissed.

MARTIN, C. J., took no part.