GAUGER, Respondent, v. LUDWIG, Defendant: HERITAGE MUTUAL INSURANCE COMPANY, Appellant.

*No. 169. Submitted November 2, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 233.)

494

For the appellant the cause was submitted on the brief of *Holden, Halvorsen & Bjork* of Sheboygan.

For the respondent the cause was submitted on the brief of *Hughes & Harrand* of Oshkosh.

CONNOR T. HANSEN, J.   We are of the opinion that the order before us is not an appealable order because it is not one of the orders enumerated in sec. 274.33, Stats.

The issue of appealability is not raised by either party.   However, this court has the responsibility of examining the issue because it goes directly to the question of whether this court has subject-matter jurisdiction over the appeal.[3]

An order striking a portion of a pleading as irrelevant is not an appealable order. *Britz v. Chilsen* (1956), 273 Wis. 392, 78 N. W. 2d 896; *Gilbert v. Hoard* (1930),

[3] *United States v. Burczyk* (1972), 54 Wis. 2d 67, 71, 194 N. W. 2d 608; *Estate of Hillery* (1970), 46 Wis. 2d 689, 176 N. W. 2d 376; *Bohlman v. Mutual Indemnity Co.* (1969), 42 Wis. 2d 454, 167 N. W. 2d 196.

201 Wis. 572, 230 N. W. 720; *State v. Lewis* (1916), 164 Wis. 363, 159 N. W. 746; *Gooding v. Doyle* (1908), 134 Wis. 623, 115 N. W. 114; *Wiesmann v. Shanley* (1905), 124 Wis. 431, 102 N. W. 932. Such an order does not determine the action nor prevent a judgment from which an appeal may be taken.[4]

There are instances in which, despite the label given by the parties or the trial court, a motion to strike has been considered by this court to be the legal equivalent of a demurrer. An order sustaining a demurrer is an appealable order.[5] The only purpose of recognizing a motion to strike as the equivalent of a demurrer is to put substance above form.

In *State v. Chippewa Cable Co.* (1963), 21 Wis. 2d 598, 611, 124 N. W. 2d 616, this court stated:

"Although the language in the decisions may not have been consistent in every instance, we now hold that a motion to strike an answer or reply, or a portion thereof, as sham, frivolous, or irrelevant, is the equivalent of a demurrer only when all the following propositions are true: (1) The motion is to strike the entire answer or reply, or the whole of one or more defenses separately stated therein. (2) The motion accepts as true for the purpose of the motion all the allegations of fact in the defense attacked and the motion is not supported by affidavits tending to establish facts different from or in addition to those alleged. (3) The only issue raised by the motion is the issue of law, whether the defense attacked states a defense. If a motion to strike fulfils all the foregoing propositions it is the equivalent of a demurrer even though it is not labeled a demurrer and does not expressly specify that the defense attacked does not state a defense. . . ."

The motion to strike now under consideration, although it accepted as true for the purpose of the motion all the

---

[4] Sec. 274.33, Stats.

[5] *Paraffine Companies v. Kipp* (1935), 219 Wis. 419, 263 N. W. 84; sec. 274.33 (3), Stats.

allegations of fact in the defense attacked, was based upon affidavits tending to establish facts in addition to those alleged in the answer. The motion raised, in addition to the issue of law whether the defense attacked stated a defense, an issue of fact as to whether Heritage had notice of the coverage claim under its policy and whether such claim had been rejected by Heritage within the time limitations of sec. 344.15 (5), Stats. The circuit court did not treat the motion as a demurrer. The decision of the circuit court, concluding that Heritage was estopped from asserting the defense of nonpermissive use, was based upon the additional evidence submitted by the plaintiff.

In this case, the motion to strike does not have the legal effect of a demurrer and the order granting it is not appealable.

The order before us is not appealable because it is not final. The issues raised by Heritage can be reached after judgment in the event it is necessary to do so. We do not now reach them on the merits.

*By the Court.*—Appeal dismissed.