FORD, and others, Appellants, v. FIRST AMERICAN NATIONAL BANK OF WAUSAU, and another, Respondents.

*No. 75-801. Submitted on briefs January 5, 1978.—Decided February 7, 1978.*

(Also reported in 262 N.W.2d 98.)

For the appellants the cause was submitted on the brief of *Korth, Rodd, Sommer & Mouw, S. C.* of Rhinelander.

There was a joint brief by *Tinkham, Smith, Bliss, Patterson & Richards* of Wausau, for the First American National Bank of Wausau; and *Kelley, Weber & Bolte, S. C.* of Wausau, for First Wisconsin National Bank of Wausau.

HANLEY, J. Two issues are raised on this appeal:

1. Did the trial court err in granting the defendants' motions to strike?

2. Did the trial court err in granting the defendants' motions to amend their answers?

Before the merits of the plaintiffs' first issue may be reached, the question of the appealability of an order striking a cause of action must be determined.

Generally, the granting or denying of a motion to strike has been held not to be appealable. *Gauger v. Ludwig,* 56 Wis.2d 492, 495–96, 202 N.W.2d 233 (1972); *State v. Chippewa Cable Co.,* 21 Wis.2d 598, 610, 124

N.W.2d 616 (1963); *Blooming Grove v. Madison*, 5 Wis.2d 73, 75, 92 N.W.2d 224 (1958). An exception to this rule is that an order granting a motion to strike is appealable when the motion serves the same purpose as a demurrer. *Blooming Grove v. Madison, supra* at 75. Here, the plaintiffs contend that the motion falls within this exception to the rule.

In *State v. Chippewa Cable Co., supra,* this court reviewed those previous cases in which the functional equivalency of a motion to strike and a demurrer was discussed. There, it was stated in reference to a motion to strike a defense to the action:

"Although the language in the decisions may not have been consistent in every instance, we now hold that a motion to strike an answer or reply, or a portion thereof, as sham, frivolous, or irrelevant, is the equivalent of a demurrer only when all the following propositions are true: (1) The motion is to strike the entire answer or reply, or the whole of one or more defenses separately stated therein. (2) The motion accepts as true for the purpose of the motion all the allegations of fact in the defense attacked and the motion is not supported by affidavits tending to establish facts different from or in addition to those alleged. (3) The only issue raised by the motion is the issue of law, whether the defense attacked states a defense. If a motion to strike fulfills all the foregoing propositions it is the equivalent of a demurrer even though it is not labeled a demurrer and does not expressly specify that the defense attacked did not state a defense." *State v. Chippewa Cable Co., supra* at 611.

In the instant case, the defendants' motions to strike were directed towards the plaintiffs' second cause of action in its entirety. Also, although the motions were accompanied by affidavits, the affidavits were not related to these particular motions. Finally, as the trial court noted, only the question of law concerning the existence of a cause of action against the banks grounded on

their alleged negligence in declining to loan money to the plaintiffs was at issue. Therefore, the motions to strike brought by the defendants in this case were functionally equivalent, under the test announced in *State v. Chippewa Cable Co.*, to demurrers and consequently the order sustaining the motions is appealable.

[3]

When a motion to strike is equated with a demurrer under the *State v. Chippewa Cable Co.* test for the purposes of determining appealability, it will be treated as a demurrer in other respects as well:

"Where a motion to strike is the equivalent of a demurrer . . . , it is subject to the other rules governing demurrer, *e.g., that there shall be but a single demurrer to the answer, and that it may be served, as a matter of right, within twenty days after the service of the pleading attacked* [secs. 263.17 and 263.22, Stats.], and an order granting or denying the motion is appealable as an order sustaining or overruling a demurrer." *State v. Chippewa Cable Co., supra* at 612. (emphasis supplied).

Here, the plaintiffs further contend that the trial court erred in granting the defendants' motions on the grounds that the motions, considered as demurrers, were untimely. This argument is based upon secs. 263.05 and 263.12, Stats. (1973). The former section provides that "[t]he only pleading on the part of the defendant is *either* a demurrer *or* an answer," and that in either case, "[i]t must be served *within* 20 days after the service of the copy of the complaint." (emphasis supplied). The latter section states that, except as provided in sec. 262.16, Stats. (1973) (concerning jurisdictional defenses), "if not interposed by demurrer or answer, the defendant waives the objections to the complaint except the objection to the jurisdiction over the subject matter, but such waiver shall not preclude any challenge to the sufficiency of the evidence to establish a cause of action." Thus, the plaintiffs contend that the de-

fendants' objections to the second cause of action were waived.

The defendants, after acknowledging that the demurrer *ore tenus* is no longer permitted in Wisconsin practice, liken their motions to motions for judgment on the pleadings in arguing that the Wisconsin procedure effective at the time of these motions did permit a trial court to hold, as a matter of law, that no recovery may be had on a pleaded cause of action under these circumstances.

Sec. 263.227, Stats. (1973) repealed and recreated as sec. 802.06(3), Stats. (1975), provides:

"Judgment on the pleadings may be entered in any civil action or proceeding. Notice of motion for judgment on the pleadings and the documents in support thereof shall be served within 40 days after issue is joined, subject to enlargement of time as provided in s. 269.45."

In the instant case, the defendants' motions were brought well after the statutory 40-day time period and the record discloses that no motion was brought to enlarge the time under sec. 269.45, Stats. (1973).

The trial court did not treat the defendants' motion as a motion for judgment on the pleadings. The result of the motion was a dismissal of the plaintiffs' second cause of action, not an order for judgment.

Since we also regard defendants' motions as demurrers and not as motions for judgment on the pleadings, the ultimate question to be answered is whether or not the defendants waived the objection that the second cause of action failed to state a cause of action. We conclude the defendants waived the objection in accordance with *Theuerkauf v. Schnellbaecher,* 64 Wis.2d 79, 90, 218 N.W.2d 295 (1973). Therefore, this portion of the appeal must be reversed.

The plaintiffs also appeal that portion of the order which permitted the defendants to amend their answers to set forth an additional affirmative defense. Upon the defendants' motion, this court dismissed this appeal by order dated August 23, 1976. The reason for this determination is that an order permitting a party to amend his pleading is not appealable because it does not determine the action and prevent a judgment from which an appeal may be taken. *Jezo v. Jezo,* 19 Wis.2d 78, 119 N.W.2d 471 (1963). Since the order does not come under any of the categories stated in sec. 817.33, Stats. (1975), the appeal of this order is dismissed. No costs are allowed.

*By the Court.*—The portion of the order which dismissed the plaintiffs' causes of action based on negligence is reversed. The appeal from that portion of the order which permitted the defendants to amend their answers is dismissed. Cause is remanded for further proceedings not inconsistent with this opinion.