LITTMANN (Catherine), Respondent, v. LITTMANN (Jean), and another, Appellants.

*No. 317. Argued November 27, 1972.—Decided February 8, 1973.*
(Also reported in 203 N. W. 2d 901.)

240

242

244

For the appellants there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee and oral argument by *John A. Kluwin.*

For the respondent there was a brief by *Ames, Riordan, Crivello & Sullivan* of Milwaukee and oral argument by *Robert D. Sullivan.*

HEFFERNAN, J.  Sec. 262.19, Stats., was adopted by the legislature in its present form in 1960. It has not been before this court for interpretation. Under ordinary rules of practice, an order denying a stay of proceedings is not appealable since, under sec. 274.33 (1), it neither determines the action nor prevents a judgment from which an appeal might be taken. However, this order is made appealable by secs. 262.19 (2) and 274.33 (3).

It should be noted at the outset that the defendants misunderstand the alternatives available to them under sec. 262.19. That statute does not, and could not, au-

thorize the transfer of a pending Wisconsin case to a court in a different judicial system. Foster, *infra,* page 81; Weintraub, *infra,* page 156. Nor does the statute provide for the stay of a Wisconsin action pending the determination of another action involving a different defendant in another jurisdiction. The only relief afforded to a moving party by the statute is the stay of an action pending in this state to permit the commencement of an action in the more convenient forum. Despite the inappropriate relief sought by the motion, the trial judge applied the criteria set forth in the statute, and ruled on what apparently was the intent of the movants—to stay the Wisconsin proceedings.

The general purpose of the law is discussed by Professor G. W. Foster, Jr., of the University of Wisconsin Law School, who served as the reporter for the Judicial Council in the preparation of the revisions to ch. 262, Stats. In reference to sec. 262.19, he states in the revision notes to 30 Wis. Stats. Annot. (1972 pocket parts) :

"This section is new. Its purpose is to permit trial of a cause in another state upon a convincing showing that trial of the cause in Wisconsin is so inconvenient that substantial injustice is likely to result. . . ." (p. 77)

"Normally a court having jurisdiction over the parties and the subject matter should adjudicate the litigation before it. . . .

"Occasionally it is seriously inappropriate for a court to proceed with a case, within its jurisdiction, that is pending before it. The purpose of this section is to enable the parties to obtain a stay of further proceedings in such cases. The stay should be allowed only when required in the interests of doing substantial justice between the parties. Mere inconvenience to the court is not enough. Nor is inconvenience to the parties or witnesses enough unless that inconvenience appears likely to result in substantial injustice to one of the parties." (P. 81)

Sec. 262.19, Stats., is the Wisconsin codification of the concept of *forum non conveniens.* Another codified version proposed is sec. 1.05 of the *Uniform Interstate and*

*International Procedure Act,* 9B Uniform Laws Annot., page 314. *Forum non conveniens* has long been advocated by jurisprudential scholars to avoid forum shopping and to encourage the disposition of cases with economy, expedition, and convenience at the place where justice can reasonably be done.

Dean Robert Leflar points out that *forum non conveniens* is a necessary response to the expanding basis for *in personam* jurisdiction and the proliferation of "long-arm statutes," which make it likely that courts will be faced with imported lawsuits having little or no connection with the forum. He recommends that courts have discretion to refuse to hear such transient lawsuits and to require the parties to litigate their differences in a more convenient forum. Leflar, *American Conflicts Law* (1968), pp. 111, *et seq.*

The doctrinal background of *forum non conveniens* is discussed by Ehrenzweig and Louisell in *Jurisdiction in a Nutshell* (2d ed. 1968). They point out that the doctrine is invoked when a court has unquestioned jurisdiction but, for policy reasons, declines to exercise it. The text points out, at page 84, citing *Goodwine v. Superior Court* (1965), 63 Cal. 2d 481, 485, 47 Cal. Rptr. 201, 203, 204, 407 Pac. 2d 1, 4, that:

" 'In determining the applicability of the doctrine, the court must consider the public interest as well as the private interests of the litigants. The court must consider such factors as the ease of access of proof, the availability and cost of obtaining witnesses, the possibility of harassment of the defendant in litigating in an inconvenient forum, the enforceability of the judgment, the burden on the community in litigating matters not of local concern, and the desirability of litigating local matters in local courts. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." ' . . . Where 'the plaintiff is a bona fide resident of the forum state . . . forum non-conveniens has only an extremely limited application.' "

*See also:* Ehrenzweig, *Conflict of Laws,* pp. 121, *et seq.,* and Weintraub, *Commentary on the Conflict of Laws,* pp. 154, *et seq.*

Sec. 262.19, Stats., authorizes a Wisconsin trial court to implement the purpose behind the *forum non conveniens* concept upon a motion for a stay of the proceedings in the Wisconsin forum. Additionally, it codifies, in part, some of the factors to be considered in exercising judicial discretion to rule on the motion. The issues to be tried by the court are those raised by the motion (sec. 262.19 (2)). In the exercise of the court's discretion it:

". . . may appropriately consider such factors as:

"(a) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

"(b) Convenience to the parties and witnesses of trial in this state and in any alternative forum;

"(c) Differences in conflict of law rules applicable in this state and in any alternative forum; or

"(d) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial." (Sec. 262.19 (3), Stats.)

As Professor Foster comments in the revision notes, appellate review is limited to determining whether the trial court abused its discretion in ruling on the motion.

The defendants argue, correctly, that the failure to set forth reasons for a discretionary order may in itself constitute an abuse of discretion. The reasoning behind the trial judge's order denying the motion, however, was carefully set forth in his memorandum decision. He correctly stated that the fundamental determination required of a trial judge by sec. 262.19, Stats., is whether the action pending before it should, as a matter of "substantial justice," be tried in a forum outside the state. He pointed out that, although the defendants in the Iowa case, Lloyd W. Bleckwenn and his insurance carrier, were amenable to jurisdiction there, they were not amenable to personal jurisdiction in Wisconsin. He,

moreover, concluded that, according to the verified affirmative defense filed by the defendants, under Iowa law the plaintiff's action against the host driver could not be maintained. He concluded that the refusal in Iowa to permit the bringing of an action against her host would deny the plaintiff a substantial right recognized in Wisconsin. He reasoned that neither the Wisconsin forum nor the Iowa forum could in a single action or in consolidated actions insure substantial justice to all the parties and that separate suits in the two jurisdictions were probably necessary.

In response to the movants' argument that witnesses to the accident residing in Iowa could, only with inconvenience, be brought to Wisconsin, the trial judge pointed out that the plaintiff would suffer the same inconvenience in an action in the Iowa forum and would also have inconvenience in bringing her Iowa witnesses to Wisconsin for the instant action. He said:

"It is not the mere convenience of the parties or witnesses that should be the primary determining factor as to whether the action pending in this court should be stayed. . . . The nature of the liability in both the Iowa action and that pending in this court must be considered."

It is apparent that the trial judge considered the factors set forth in the statute: Amenability to personal jurisdiction, convenience to the parties and witnesses, and differences in conflict rules applicable in this state. He demonstrated the careful and reasoned exercise of discretion in respect to all of the factors enumerated. Perhaps, more importantly, he considered each and every issue raised by the defendants on their motion. This is all the statute requires him to do.

The defendants also argue on this appeal that all of the considerations that federal courts have found relevant in the exercise of discretion where a transfer is re-

quested under 28 USC, sec. 1404 (a), should have been considered by the trial judge. The simple answer is that those criteria which have been ingrafted onto sec. 1404 (a) by judicial gloss are not required by sec. 262.19, Stats. Defendants' argument, which urges the complete applicability of the federal procedure, misconceives the nature of our federal system. While, as Professor Foster points out in his comments to sec. 262.19, 28 USC, sec. 1404 (a) has similar conceptual roots, the doctrine of *forum non conveniens* and the federal statute are not identical. The transfer under sec. 1404 (a) is not a transfer or a surrender of a case to another judicial system. It is but a change of venue to another courtroom of the same judicial system. Under a sec. 1404 (a) transfer, the transferee court is obliged to follow the law of the state that would have been applied if there had been no change of venue. Ehrenzweig and Louisell, *supra,* page 17, and *Van Dusen v. Barrack* (1964), 376 U. S. 612, 639, 84 Sup. Ct. 805, 11 L. Ed. 2d 945. Although sec. 1404 (a) partakes of some of the elements of *forum non conveniens,* it is a statutory device distinct from that doctrine. *Forum non conveniens* can be applied by federal courts independently of any statutory authorization. Professor Foster in his commentary, page 79, states:

"This venue transfer statute [28 U. S. C., sec. 1404 (a)] differs from the doctrine of forum non conveniens both in theory and practice. Transfer to another venue will be allowed on a lesser showing of inconvenience than required to justify dismissal under forum non conveniens."

The discretionary factors available to a federal judge when a sec. 1404 (a) motion is before him are not identical to those involved in ruling on a sec. 262.19, Stats., motion under Wisconsin procedure.

The defendants urge that this court undertake an independent review of the merits of their motion. This

would not be the proper role of an appellate court in reviewing a discretionary order. As we pointed out in *Loomans v. Milwaukee Mut. Ins. Co.* (1968), 38 Wis. 2d 656, 158 N. W. 2d 318, this court in reviewing a discretionary order will not undertake an independent review as it would where there is a claim of legal error. This court will affirm a discretionary order if there appears any reasonable basis for the trial court's decision. *Quick v. American Legion 1960 Convention Corp.* (1967), 36 Wis. 2d 130, 152 N. W. 2d 919; *Boodry v. Byrne* (1964), 22 Wis. 2d 585, 126 N. W. 2d 503.

Our review of the record and of the trial court's decision makes evident that the trial judge properly exercised his discretion on the issues before him in accordance with the statutory requirements. The trial judge's consideration of the merits of the motion needs no bolstering by this court, but because this is a case of first impression under sec. 262.19, Stats., we turn to additional considerations.

The right of a plaintiff to choose his own forum is an important legal right and should not be lightly tampered with. " '[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Goodwine v. Superior Court* (1965), 63 Cal. 2d 481, 485, 47 Cal. Rptr. 201, 407 Pac. 2d 1. *"Forum non conveniens* has only an extremely limited application to a case where, as here, the plaintiff is a bona fide resident of the forum state." *Thomson v. Continental Ins. Co.* (1967), 66 Cal. 2d 738, 742, 59 Cal. Rptr. 101, 427 Pac. 2d 765.

In the instant case, the plaintiff is a resident of Wisconsin, the individual defendant is a Wisconsin resident, and the insurance company does business in the state. The plaintiff has a legitimate right of access to the Wisconsin courts and is not engaged in forum shopping to the detriment of the defendants. An action brought

in a Wisconsin court by a Wisconsin resident against a Wisconsin defendant and against an insurance company doing business in Wisconsin is brought in an appropriate forum. Nor does the choice of the forum evince any harassment of the defendants. The defendants in the Wisconsin suit are not parties to the action pending in Iowa. They are not being victimized by multiple attacks in different jurisdictions. Were there another action pending in another jurisdiction in which the identical parties and the identical issues were being litigated, it might well be within the inherent power of a Wisconsin court, quite aside from the statutory authority of sec. 262.19, Stats., to stay proceedings during the pendency of another action when the judgment therein would in any event be entitled to full faith and credit in the courts of this state. An identical action is not pending elsewhere.

The trial judge pointed out that in an Iowa court the plaintiff, by the operation of the law of that state, would be deprived of her opportunity for a trial on the merits. By so holding, primarily in reliance upon the defendants' pleading assertions, the trial judge ruled on the conflict of laws rules applicable in this state and in the alternative forum of Iowa. He ruled, relying upon *Wilcox v. Wilcox* (1965), 26 Wis. 2d 617, 133 N. W. 2d 408, that Wisconsin law would be applicable to the case brought in the Wisconsin forum. In respect to Iowa law, the defendants pleaded the Iowa statutes, which would indicate that the plaintiff would be barred by the host-guest rule applicable there and by the rule of contributory negligence. It was proper for Judge O'NEILL, under sec. 891.01, Stats., to take judicial notice of the Iowa statutes. *Bailey v. Hagen* (1964), 25 Wis. 2d 386, 130 N. W. 2d 773. However, by so doing, Judge O'NEILL implicitly ruled that the Iowa conflicts law would require the application of the Iowa statutory law to this accident involving Wisconsin residents. Without attempt-

ing a definitive or extended discussion of the conflicts issue in this case, it appears likely that analysis would result in the application of Wisconsin law to the case tried in Wisconsin. Whether the same case between the same parties but in Iowa would necessarily result in an Iowa court's application of its law and not Wisconsin's is not so clear.

In *Fabricius v. Horgen* (1965), 257 Iowa 268, 132 N. W. 2d 410, the Iowa Supreme Court discarded the rule of *lex loci* and adopted the "most significant relationship test" similar to that of Restatement 2d, *Conflicts of Law,* sec. 145 (1969). Since *Fabricius,* an Iowa court will no longer apply Iowa law merely because the accident occurred in that jurisdiction. Although we tend to agree with Judge O'NEILL's opinion that Iowa law would be applied to the instant case if tried there and would deny the plaintiff any recovery, it is apparent that the conflicts law of Iowa is not one to be resolved solely by resort to that jurisdiction's statutory provisions.

It should be added that, since the enactment of sec. 262.19, Stats., in 1960, the pace of the revolutionary change in the law of conflicts has quickened. In 1960 it was relatively easy to determine in the usual case that a jurisdiction would apply its own law to an accident occurring there. The problem is more difficult now for an appellate court, even when attempting to delineate with clarity its own rule. A conflicts "rule" has been supplanted by a "methodology." The task thus placed upon a trial court to determine the conflicts rule of another jurisdiction becomes nearly impossible—and certainly so in predicting the exact rule that a foreign trial court would be obliged to apply to a conflicts situation not yet resolved by its own final appellate court.

As we view this case, even assuming that other discretionary factors favored the defendants, a stay of the action here would only be proper had the defendants assumed the burden of showing that the plaintiff in an

Iowa trial would not be deprived of substantial rights recognized by Wisconsin and that the parties there would be able to litigate the same issues and in essentially the same posture as in Wisconsin. Instead of assuming that burden of proof, the defendants demonstrated, prima facie at least, that Iowa law was different from Wisconsin's and that the plaintiff would be deprived of the rights available in her resident forum. No showing was made of any conflicts of law rule that would have preserved the plaintiff's rights in an Iowa trial. On this record, it would have been an abuse of discretion for the trial judge to stay proceedings here in favor of an action in a jurisdiction where substantial justice could not be accorded. Under sec. 262.19, Stats., the burden of proof is upon the movant and he must demonstrate that substantial justice can be afforded in the ultimate forum. The defendants have failed to show that the plaintiff would receive substantial justice in an Iowa court. As stated by Weintraub, *supra,* page 156:

". . . to be considered in weighing the adequacy of relief available in the alternative forum is the law that will be applied there. If the plaintiff will be prejudiced by the new forum's choice of a different law than would be applied in the first forum, this is an important factor to weigh in the court's exercise of its discretion."

In addition to the failure of the defendants to show that the plaintiff would be afforded substantial justice in Iowa, they have failed to demonstrate that they would be deprived of substantial justice by the continuation of the case in Wisconsin. The policy behind sec. 262.19, Stats., requires that the plaintiff's choice of forum should govern unless it can be convincingly shown that a change of forum would increase the likelihood of substantial justice to both parties.

The trial judge did not abuse his discretion in denying the defendants' motion.

*By the Court.*—Order affirmed.