U. I. P. CORPORATION and another, Appellants, v. LAW-
YERS TITLE INSURANCE CORPORATION, Respondent.

*No. 241.  Submitted under sec. (Rule) 251.54 October 3, 1974.—
Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 638.)

378

The cause was submitted for the appellants on the briefs of *Frisch, Dudek, Slattery & Denny,* attorneys, and *Robert A. Slattery* and *James D. Friedman* of counsel, all of Milwaukee, and for the respondent on the brief of *Weber & Raithel,* attorneys, and *Roland J. Weber* of counsel, all of Milwaukee.

HEFFERNAN, J. The appeal is from an order of the circuit court for Milwaukee county which, acting under the provisions of sec. 262.19, Stats.,[1] granted a stay of Wisconsin proceedings to permit the trial of the action in the foreign forum of New Jersey.

The principal question presented on this appeal is whether, under the provisions of sec. 262.19, Stats., where the action was brought in Wisconsin for the breach of a policy of insurance insuring the marketability of the title to New Jersey real estate, it was an abuse of discretion for the trial judge to grant a stay of the Wisconsin action pending the commencement and trial of the same cause of action in New Jersey, when the only factor relied upon by the trial judge was the

---

[1] Sec. 262.19, Stats., in part provides:

"262.19 **Stay of proceeding to permit trial in a foreign forum.** (1) STAY ON INITIATIVE OF PARTIES. If a court of this state, on motion of any party, finds that trial of an action pending before it should as a matter of substantial justice be tried in a forum outside this state, the court may in conformity with sub. (3) enter an order to stay further proceedings on the action in this state. . . .

"(2) TIME FOR FILING AND HEARING MOTION. The motion to stay the proceedings shall be filed prior to or with the answer unless the motion is to stay proceedings on a cause raised by counterclaim, in which instance the motion shall be filed prior to or with the reply. The issues raised by this motion shall be tried to the court in advance of any issue going to the merits of the action and shall be joined with objections, if any, raised by demurrer or pursuant to s. 262.16. The court shall find separately on each issue so tried and these findings shall be set forth in a single order which is appealable."

defendant's assertion that it would have to furnish witnesses from New Jersey in respect to the marketability of the insured New Jersey real estate.

We conclude that the trial judge, by failing to consider the elements required by the statute, abused his discretion in ordering the stay. Accordingly, the order must be reversed and the record remanded for further consideration by the trial court. It should be pointed out that the criteria for the exercise of judicial discretion under sec. 262.19, Stats., had not been clarified by this court at the time the trial judge was obliged to consider the defendant's motion for a stay. *Littmann v. Littmann* (1973), 57 Wis. 2d 238, 203 N. W. 2d 901, was the first case to come before this court in which the provisions of sec. 262.19 were discussed. That decision came a month after the order of the trial court in the instant case.

The complaint was brought by the U. I. P. Corporation and by the United Intercon Development Corporation. U. I. P. is a foreign corporation organized under the laws of the state of Delaware but has its principal offices in the city of Milwaukee, Wisconsin. United Intercon Development Corporation is a wholly owned subsidiary of U. I. P., and, although it is a foreign corporation organized under the laws of the state of New York, it has its principal offices in the city of Milwaukee. The defendant, the Lawyers Title Insurance Corporation, is a foreign corporation engaged in the business of writing insurance. Lawyers Title is organized under the laws of the state of Virginia but has local offices in the city of Milwaukee and is licensed to do business as an insurance corporation in the state of Wisconsin.

In 1962, the plaintiffs acquired certain corporate property in Tuckerton Beach, New Jersey, including real property. In connection with the acquisition of this property, the plaintiff, United Intercon Development

Corporation, purchased a policy of title insurance from the defendant, Lawyers Title Insurance Corporation. It is alleged that this insurance policy insured against losses that might be sustained because of any defects in the title to real property insured. Included in that policy of title insurance, the plaintiffs allege, was the representation that the title to the Tuckerton real estate was marketable. The plaintiffs allege that subsequently, on the 9th of July, 1969, the state of New Jersey made claim to the ownership of the property insured. The plaintiffs allege that this adverse claim made the title insured defective and unmarketable and that, as a consequence, they have sustained damages because of their inability to carry out agreements to convey the Tuckerton real estate to third parties free and clear of any encumbrances. It is also claimed that the representations in the policy of title insurance were false and fraudulent and, in addition, that Lawyers Title Insurance Corporation, was negligent in its representation that the title to the Tuckerton real estate was a good and marketable title in fee simple absolute. Substantial damages are claimed.

The defendant title company answered the plaintiffs' complaint, alleged 23 affirmative defenses to the plaintiffs' causes of action, and moved to stay the proceedings to permit the trial in New Jersey pursuant to sec. 262.19, Stats. In response to the affirmative defenses, the plaintiffs obtained a court order directing the defendant to show cause why 22 of the affirmative defenses should not be stricken from the answer as sham, frivolous, and irrelevant. After the hearing, an order was issued granting the motion to stay. The same order found the motion to strike moot. The plaintiffs have appealed from that order.

In *Littmann, supra,* because it was a case of first impression, we exhaustively discussed the discretionary factors that a trial judge must consider in ruling on a

motion to stay under sec. 262.19, Stats. We held that, although that statute is a codification of the common-law device of *forum non conveniens,* the convenience of a party is not the ultimate question to be resolved in deciding the motion to stay. The statute requires that the trial judge can grant the stay only if he finds that the trial of the action pending before him, as a matter of substantial justice, should be tried in another forum.

Sec. 262.19 (3), Stats., lists four factors that the court may appropriately consider in deciding the motion. They are:

"(a) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

"(b) Convenience to the parties and witnesses of trial in this state and in any alternative forum;

"(c) Differences in conflict of law rules applicable in this state and in any alternative forum; or

"(d) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial."

The function of this court in reviewing the decision of the trial court on the motion to stay is limited to the determination of whether the trial court abused its discretion. In *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, we pointed out that the failure of a trial judge to consider relevant factors in reaching a discretionary decision constitutes an abuse of discretion. There must be evidence that discretion was in fact exercised. *State v. Hutnik* (1968), 39 Wis. 2d 754, 763, 159 N. W. 2d 733. The transcript shows the trial judge gave no consideration whatsoever to factor (a), "Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action," or to (c), "Differences in conflict of law rules applicable in this state and in any alternative forum." Some, but incomplete, consideration was given to factor (b), "Convenience to the

parties and witnesses of trial in this state and in any alternative forum."

In respect to the convenience of witnesses, after counsel for the defendant stated that he contemplated calling witnesses from New York and New Jersey, the trial judge said:

"If the other side [Lawyers Title] does contemplate [calling witnesses from New York and New Jersey] the case is going to be transferred; that's all. I am asking the question, are you contemplating calling those witnesses?"

After receiving an affirmative response from counsel for Lawyers Title, the trial judge stated, "This court does find as a matter of substantial justice this action should be . . . tried in New Jersey."

No consideration was given to the convenience of the plaintiffs in the event that the case would be tried in New Jersey. No finding was made that substantial justice would be afforded to all parties. As far as we can ascertain from the record, since the exercise of discretion was not spelled out either in the order or a memorandum decision, no consideration was given to the question of whether the plaintiffs would be done substantial justice if the case were moved to New Jersey.

We note, however, that, in the trial judge's colloquy with counsel, he analogized this action to one trying the title of real estate; and he concluded that, if this were an action to try the title, Wisconsin law would require that the venue of the case be in the county where the real estate was situate. The trial judge did not consider this a jurisdictional defect or even a technical defect as to venue. Rather, he used this analogy to bolster the reasoning that witnesses in respect to marketability would have to be called from the state in which the real estate was located. The trial judge, however, never resolved the question of whether this action was one to

determine title to the New Jersey real estate, as the defendant claims, or whether, as the plaintiffs claim, the action is one to determine whether there was a breach of the contract of insurance. The plaintiffs' contention appears to be that they are not obliged to prove or try title or to show that the title was in fact defective, but rather they assert it is undisputed that the title is unmarketable because of the claim of title by the state of New Jersey, and that this fact alone entitles them to recover damages for a breach of the contractual representations of marketable title made in the insurance policy.

Numerous issues relevant to the exercise of the trial court's discretion in determining whether to grant a stay were posed by the defendant's 23 affirmative defenses and the plaintiffs' motion to strike 22 of them. The affirmative defenses raised questions pertinent to the nature of the action and the issues to be tried. The plaintiffs contend that the 22 affirmative defenses were essentially sham, frivolous, and irrelevant, and were designed as a vehicle for introducing extraneous issues to influence the judge to decide that substantial problems were raised that could be resolved only in New Jersey.

We conclude that the trial judge was in error in concluding that the motion to strike the 22 defenses was moot. It was necessary that each of these defenses be considered before resolving the question of granting a stay. Only by determining what issues were relevant to the causes of action could the trial judge apply the four criteria required by the statute. It was necessary for the trial judge to delimit the issues by ruling on the motion to strike, so that he then could determine the necessity of calling certain witnesses here or in an alternative forum. It was necessary that he decide the motion to determine whether there was any conflict of laws between New Jersey and Wisconsin in respect to the

issues remaining after the disposition of the motion to strike.

The framers of sec. 262.19, Stats., wisely foresaw the fact that the issues raised by the motion to stay must be joined with any objections raised by demurrer. Sec. 262.19 (2). Only when the relevant issues remain after the decision on demurrer can the discretionary factors to test the propriety of the stay be applied.

While the motion was denominated "to strike," the trial judge was required to determine whether, under Wisconsin practice, it was in substance a demurrer to the 22 affirmative defenses. This court takes the position that determining whether a motion to strike is to be treated as a demurrer is a question of substance and not determinable by the fact that it takes the form of a motion to strike. *Gauger v. Ludwig* (1972), 56 Wis. 2d 492, 202 N. W. 2d 233. Sec. 263.17, Stats., permits a demurrer to an answer. Whenever a motion to strike is in substance the equivalent of a demurrer, it is subject to other rules of practice and procedure governing demurrers. *State v. Chippewa Cable Co.* (1963), 21 Wis. 2d 598, 612, 124 N. W. 2d 616. *Chippewa Cable,* page 611, stated the test to be used in determining whether a motion to strike is to be treated as a demurrer:

"Although the language in the decisions may not have been consistent in every instance, we now hold that a motion to strike an answer or reply, or a portion thereof, as sham, frivolous, or irrelevant, is the equivalent of a demurrer only when all the following propositions are true: (1) The motion is to strike the entire answer or reply, or the whole of one or more defenses separately stated therein. (2) The motion accepts as true for the purpose of the motion all the allegations of fact in the defense attacked and the motion is not supported by affidavits tending to establish facts different from or in addition to those alleged. (3) The only issue raised by the motion is the issue of law, whether the defense attacked states a defense. If a motion to strike fulfils all

the foregoing propositions it is the equivalent of a demurrer even though it is not labeled a demurrer and does not expressly specify that the defense attacked does not state a defense."

We do not here decide whether the plaintiffs' motion to strike was the equivalent of a demurrer. This is a question to be resolved by the trial judge on the basis of the criteria set forth in *Chippewa Cable.* In the event it is determined that the motion made by the plaintiffs was the equivalent of a demurrer, sec. 262.19, Stats., requires that the trial court decide the motion and incorporate it in a single order as a part of the resolution of the trial judge's decision on the motion to stay the proceedings in this forum.

We do not in this case attempt to resolve the question of whether the trial judge's ultimate conclusion that the proceedings be stayed was the correct decision, for our function in reviewing the order to stay is limited to determining whether discretion was properly exercised. The record demonstrates that the trial judge did not focus his attention upon the criteria which the statute establishes must be the basis for the exercise of this discretionary order. Under the posture of this case, moreover, it was impossible for him to exercise his discretion, because it was incumbent upon him first to determine whether the defendant's motion was a demurrer. Only after the ruling on the demurrer, if in fact it was one, could the issues be so sharpened that the criteria could be applied and discretion exercised. Moreover, the trial judge failed to make the specific findings that are required by the statute. Sec. 262.19 (2), Stats.

We emphasize again, as we did in *Littmann, supra,* that a court, having jurisdiction over the parties and the subject matter of an action, ordinarily should adjudicate the litigation before it, and the plaintiff's choice of a forum should rarely be disturbed unless the balance is

strongly in favor of the defendant. Under the statutes, a trial of the cause should be permitted in another state only upon a convincing showing that the trial in Wisconsin is likely to result in a substantial injustice.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.