U. I. P. CORPORATION, and another, Plaintiffs-Appellants, v. LAWYERS TITLE INSURANCE CORPORATION, Defendant-Respondent.

*No. 75–472. Submitted on briefs February 8, 1978.— Decided April 5, 1978.*
(Also reported in 264 N.W.2d 525.)

For the appellants the cause was submitted on the briefs of *Edward A. Dudek, Proctor D. Robison, Lynn R. Laufenberg* and *Frisch, Dudek & Slattery, Ltd.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Roland J. Weber, Weber, Raithel & O'Connor* of Milwaukee, and *John R. Weigel* of the New Jersey Bar.

BEILFUSS, C. J.   The underlying action is one for damages allegedly due under the terms of a title insurance policy issued by the defendant-respondent, Lawyers Title Insurance Corporation, to plaintiff-appellant United Intercon Development Corporation, a wholly owned subsidiary of the plaintiff-appellant U. I. P. Corporation. Lawyers Title is a Virginia corporation which has local officers in Wisconsin. U. I. P. is a New York corporation and United Intercon is a Delaware corporation. At the time this action began, both of these plaintiffs maintained their principal offices in Milwaukee. They have since moved their headquarters to Elk Grove Village, Illinois; however they continue to have substantial ties in Wisconsin.

In 1962, the plaintiffs acquired certain real property in Tuckerton Beach, New Jersey, subject to a mortgage. United Intercon purchased a policy of title insurance from Lawyers Title to protect that acquisition against loss or damage caused by, *inter alia*, unmarketability of title. A series of conveyances took place over the next several years in which United Intercon retained its mortgage obligations. On July 9, 1969, the State of New Jersey claimed title and ownership to the Tuckerton real estate as being land formerly flowed by high tide waters, including land presently above the mean high tide line. United Intercon ceased making mortgage payments on the property and in October of 1972 a foreclosure judgment ordered sale of the property.

On November 1, 1972, U. I. P. and United Intercon commenced this action alleging that the claim to title by New Jersey makes the title unmarketable and demanding damages on three causes of action: (1) Breach of contract because the title was unmarketable, (2) fraud and misrepresentation in that the title company knew or should have known that the title was unmarketable, and (3) negligence for failure to discover New Jersey's claim.

On November 16, 1972, Lawyers Title filed a motion to quash the summons and dismiss the action alleging that the court lacked personal jurisdiction. On December 5, 1972, the circuit court for Milwaukee county denied the motion. There has been no appeal from that order.

On December 13, 1972, Lawyers Title filed a motion to stay the proceedings to permit trial in New Jersey pursuant to sec. 262.19, Stats.[1] Lawyers Title also filed

---

[1] "262.19 *Stay of proceeding to permit trial in a foreign forum.* (1) *Stay on Initiative of Parties.* If a court of this state, on motion of any party, finds that trial of an action pending before it should as a matter of substantial justice be tried in a forum outside this state, the court may in conformity with sub. (3)

an answer to the first cause of action, as well as 23 separate and affirmative defenses. Lawyers Title an-

enter an order to stay further proceedings on the action in this state. A moving party under this subsection must stipulate his consent to suit in the alternative forum and waive his right to rely on statutes of limitation which may have run in the alternative forum after commencement of the action in this state. A stay order may be granted although the action could not have been commenced in the alternative forum without consent of the moving party.

"(2) *Time for Filing and Hearing Motion.* The motion to stay the proceedings shall be filed prior to or with the answer unless the motion is to stay proceedings on a cause raised by counterclaim, in which instance the motion shall be filed prior to or with the reply. The issues raised by this motion shall be tried to the court in advance of any issue going to the merits of the action and shall be joined with objections, if any, raised by demurrer or pursuant to s. 262.16. The court shall find separately on each issue so tried and these findings shall be set forth in a single order which is appealable.

"(3) *Scope of Trial Court Discretion on Motion to Stay Proceedings.* The decision on any timely motion to stay proceedings pursuant to sub. (1) is within the discretion of the court in which the action is pending. In the exercise of that discretion the court may appropriately consider such factors as:

"(a) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

"(b) Convenience to the parties and witnesses of trial in this state and in any alternative forum;

"(c) Differences in conflict of law rules applicable in this state and in any alternative forum; or

"(d) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

"(4) *Subsequent Modification of Order to Stay Proceedings.* Jurisdiction of the court continues over the parties to a proceeding in which a stay has been ordered under this section until a period of 5 years has elapsed since the last order affecting the stay was entered in the court. At any time during which jurisdiction of the court continues over the parties to the proceedings, the court may, on motion and notice to the parties, subsequently modify the stay order and take any further action in the proceeding as the interests of justice require. When juris-

swered the remaining causes of action on December 18, 1972, and repeated its affirmative defenses. In response, U. I. P. and United Intercon obtained an order directing Lawyers Title to show cause why the first 22 affirmative defenses should not be stricken as sham, frivolous and irrelevant pursuant to sec. 263.44.[2]

Circuit Judge NEELEN heard arguments concerning the motion to stay but did not consider the motion to strike the defenses. On January 24, 1973, the trial court granted the motion to stay and concluded that the motion to strike was moot. U. I. P. and United Intercon appealed to this court.

In our decision in *U. I. P. Corporation v. Lawyers Title Ins. Corp.*, 65 Wis.2d 377, 222 N.W.2d 638 (1974), we concluded that the trial court had abused its discretion by granting the motion to stay. The order was reversed and cause remanded for proceedings not inconsistent with the opinion. We held that to conclude the motion to strike the 22 affirmative defenses was moot was error; that the issues must be determined and then apply the four criteria of the stay statute in the exercise of its discretion ruling on the motion. The court did not decide whether the motion to stay should be denied but returned it to the trial court for a determination under the standard set forth in the opinion.

After remand appellants filed a request for substitution of judge. Judge William R. MOSER replaced Judge

diction of the court over the parties and the proceeding terminates by reason of the lapse of 5 years following the last court order in the action, the clerk of the court in which the stay was granted shall without notice enter an order dismissing the action."

[2] "263.44 *Motions to strike out.* A party may move upon one notice to strike out an answer or reply as sham, and frivolous, and irrelevant, and the court or presiding judge, on such motion, may stike out any matter or defense as sham, any other as frivolous, or as irrelevant or otherwise, as the pleading shall be found to be."

NEELEN. The parties submitted briefs and a hearing was conducted on July 17, 1975, on the motion to strike the affirmative defenses and on the motion to stay. The trial court issued a memorandum decision dated July 31, 1975. It first dealt with the motion to strike, and struck all but defenses four, six, eight, thirteen, sixteen and twenty-two as frivolous. (None of the parties to the appeal challenge this part of the order.) The court then considered the four criteria listed in the stay statute and concluded that Wisconsin was the inappropriate and inconvenient forum. An order granting the motion to stay was issued on September 9, 1975.

On September 16, 1975, U. I. P. and United Intercon filed notice of motion and motion for reconsideration. A hearing was held on October 1, 1975. The trial court declined to change the September 9th order. U. I. P. and United Intercon appealed.

The issue is whether the trial court properly exercised its discretion under sec. 262.19, Stats., and the prior mandate of this court in granting the motion to stay the proceedings.

In our first review arising out of these proceedings, *U. I. P. Corp. v. Lawyers Title Ins. Corp.*, 65 Wis.2d 377, 382, 222 N.W.2d 638 (1974), the court stated:

"The function of this court in reviewing the decision of the trial court on the motion to stay is limited to the determination of whether the trial court abused its discretion. In *McCleary v. State* (1971), 49 Wis.2d 263, 182 N.W.2d 512, we pointed out that the failure of a trial judge to consider relevant factors in reaching a discretionary decision constitutes an abuse of discretion. There must be evidence that discretion was in fact exercised. *State v. Hutnik* (1968), 39 Wis.2d 754, 763, 159 N.W.2d 733."

The trial court's memorandum decision demonstrates that each of the four factors noted in sec. 262.19(3), Stats., was considered.

"(a) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action."

The trial court concluded that there were not unresolved questions as to jurisdiction in either Wisconsin or New Jersey, and found that Lawyers Title had agreed to waive any statute of limitations defenses which might be claimed to bar suit in New Jersey.

"(b) Convenience to the parties and witnesses of trial in this state and in any alternative forum."

The trial court noted that the appellants had not submitted a list of witnesses while Lawyers Title had indicated that it would call numerous witnesses from New Jersey and New York to testify concerning, *inter alia,* marketability. The court also cited the fact that Lawyers Title intended to transport and introduce many documents from New Jersey. It acknowledged that U. I. P. and United Intercon contended that the basic issue involved was marketability, and that they characterized it as a simple issue which did not require the voluminous testimony or documentary evidence proposed by Lawyers Title.

"(c) Differences in conflict of law rules applicable in this state and in any alternative forum."

The trial court acknowledged that defendant asserted that New Jersey law on the question of title to tidelands would have to be applied. It also considered the facts that the property was in New Jersey and that the insurance policy had been issued in New Jersey. It again stated that appellants' position was that the New Jersey

law was readily available and New Jersey experts were not necessary.

"(d) Any other factors having substantial bearing upon the selection of a convenient, reasonable, and fair place of trial."

The trial court quoted extensively from a law review article cited by appellants. *Marshland Title Dilemma: A Tidal Phenomenon,* 3 Seton Hall L. Rev. 323 (1972). It was impressed by the references therein to the incredible complexity of the problems surrounding the state of New Jersey's claims to tidal lands, particularly the problems of proof of title.

Thus, on the bases that the witnesses Lawyers Title intended to call were from New Jersey and New York, that Wisconsin had no law on tidelands similar to New Jersey's, that the problems of proof involved were "horrendous," and that there were no jurisdictional problems to bar trial in New Jersey, the court decided that Wisconsin was an inconvenient forum and granted the motion to stay.

The trial court heard arguments on a motion to reconsider and reiterated its reasons for granting the stay in an oral decision. During this hearing appellants presented one of the authors of the Seton Hall Law Review article. He testified to the effect that the New Jersey courts were having trouble handling the amount of litigation spawned by state claims. The trial court stated that it did not think that the delay involved was sufficient to change its decision.

Thus it is apparent that the trial court exercised its discretion. Appellants, however, assert that the court abused its discretionary function by not properly applying the law. The principal arguments presented are: (1) That the court incorrectly accepted Lawyers Title's

theory that the validity of New Jersey's claim on the Tuckerton property is in issue, and (2) that the trial court did not follow the mandate of this court that the issues must be delimited before granting the motion to stay. In addition, appellants point out that the exercise of discretion by a trial court under sec. 262.19, Stats., is rather different from other discretionary powers vested in a trial court because of what practically amounts to a presumption against granting the stay.

". . . a court, having jurisdiction over the parties and the subject matter of an action, ordinarily should adjudicate the litigation before it, and the plaintiff's choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant. Under the statutes, a trial of the cause should be permitted in another state only upon a convincing showing that the trial in Wisconsin is likely to result in a substantial injustice." *U. I. P. Corp. v. Lawyers Title Ins. Corp., supra,* 65 Wis. 2d at 386–87; *see also Littmann v. Littmann,* 57 Wis.2d 238, 203 N.W.2d 901 (1973).

The appellants contend that there is no basis for concluding that a trial of the instant controversy in Wisconsin would result in a substantial injustice. To the contrary they assert that a stay would cause substantial injustice because of the New Jersey court backlog. Their theory of the case is completely at odds with respondent's. U. I. P. Corporation and United Intercon contend that the issues are not complicated or difficult to prove; that the overriding issue involved is the marketability of the title. On the other hand, Lawyers Title apparently believes that the validity of New Jersey's claim must be ascertained before it is liable for insuring an unmarketable title. Its position is that this case involves alien legal problems and complicated and extensive evidentiary problems which could more easily be handled in New Jersey.

The appellants do not deny that the issue of the validity of New Jersey's title claim could more appropriately and easily be handled in New Jersey. We believe they correctly assert that Lawyers Title has exaggerated the difficulties of this case because marketability is basically a simple concept.

The Wisconsin court reviewed the law of marketability (or merchantability, the terms are synonymous) in *Douglass v. Ransom*, 205 Wis. 439, 446, 237 N.W. 260 (1931) :

". . . although a title is good, if there is reasonable doubt as to its validity it is not marketable. A material defect is such as will cause a reasonable doubt and just apprehension in the mind of a reasonably prudent and intelligent person, acting upon competent legal advice, and prompt him to refuse to accept it. . . . it is stated that a marketable title is one that can be held in peace and quiet; not subject to litigation to determine its validity; not open to judicial doubt." *See also: Baldwin v. Anderson*, 40 Wis.2d 33, 43, 161 N.W.2d 553 (1958).

The New Jersey rule is much the same:

"A title is marketable only if there is a reasonable certainty that it will not be called into question, so as to subject the purchaser to the hazard of litigation. . . ." *Javna v. D. J. Fredricks, Inc.*, 41 N.J. Super 353, 357, 125 A.2d 227 (1956).

As in Wisconsin, the only question is whether the validity of title is reasonably debatable. If it is, then the title is unmarketable. *Gaub v. Nassau Homes, Inc.*, 53 N.J. Super 209, 147 A.2d 73 (1958). (This rule is well accepted by legal authorities.) Basye, *Clearing Land Titles*, sec. 4 (1970) ; Simes and Taylor, *Improvement of Conveyancing by Legislation*, p. 305 (1960) ; Maupin, *Marketable Title to Real Estate*, p. 768 (1921).

It is highly probable that the claim by the State of New Jersey renders appellants' title unmarketable. There are no allegations in the record that New Jersey's claim is transparently ungrounded. In fact, the allegations made by Lawyers Title as to the complexity of any inquiry into whether New Jersey's claim is in fact valid, indicate that the title is subject to reasonable doubt and hence unmarketable. However, the court must also consider whether the issues raised by the remaining affirmative defenses stand as a bar to recovery for breach of the policy.

The appellants contend that the trial court failed to consider the affirmative defenses when applying the four factors of sec. 262.19, Stats. When this case was before the court in 1974, the court stated:

"It was necessary that each of these defenses be considered before resolving the question of granting a stay. Only by determining what issues were relevant to the causes of action could the trial judge apply the four criteria required by the statute. It was necessary for the trial judge to delimit the issues by ruling on the motion to strike, so that he then could determine the necessity of calling certain witnesses here or in an alternative forum. It was necessary that he decide the motion to determine whether there was any conflict of laws between New Jersey and Wisconsin in respect to the issues remaining after the disposition of the motion to strike." 65 Wis.2d at 384–85.

In its memorandum decision the trial court, pursuant to the directions of the remand, considered the affirmative defenses. It struck all but six of the twenty-three defenses. It states that defenses four, six, thirteen, sixteen and twenty-two were legitimate defenses pursuant to exclusions under the policy. The trial court also denied the motion to strike defense eight, which challenged U. I. P.'s status as a party to the litigation. The trial court then discussed the four criteria noted in sec.

262.19, Stats., as noted *supra,* but made no discernible attempts to relate these criteria to the affirmative defenses, *i.e.,* the issues in the case.

Because it is not necessary to decide the validity of New Jersey's title to determine the issue of marketability, the trial court was required by our mandate to consider the affirmative defenses as they relate to the four criteria of the statute.[3] We conclude the trial court did not sufficiently comply with the requirement and therefore did not exercise its discretion as required by the statute and the mandate of this court.

The trial court's decision was based primarily on the inconvenience and substantial injustice which would attend Lawyers Title if it were forced to prove the validity of appellants' title in a Wisconsin court. Viewing the remaining affirmative defenses, it appears that none of them would require an absolute determination of who owned the property. This is also true as to the causes of action in misrepresentation and negligence. Therefore, the numbers of witnesses and the "horrendous" problems of proof which so influenced the trial court become irrelevant because the validity of New Jersey's claim is not the real issue. Certainly it is probable that witnesses from New Jersey would still be necessary to dispose of the affirmative defenses, and there may be difficult problems of proof. But when the issue of validity of title is dropped from consideration it is manifest that the reduction in the number and types of witnesses and in the difficulty of proof is substantial. Thus the trial court's application of the four criteria in sec. 262.19, Stats., was without foundation and the order should be reversed.

In its oral decision at the reconsideration hearing the trial court did make slight reference to the affirmative

---

[3] Sec. 262.19, Stats.

defenses. However, it is apparent, particularly in view of the court's continued reference to the Seton Hall Law Review article, that the court was most concerned with the difficulty of proving the validity of title. The only statement which might be construed as referring to the affirmative defenses is the court's comment that there might be other issues besides merchantability in the case.

The failure of the trial court to consider the issues raised by the affirmative defenses when applying the criteria of sec. 262.19, Stats., indicates an abuse of discretion, particularly when the strict standards applicable to *forum non conveniens* are recalled. In *Littmann v. Littmann, supra,* 57 Wis.2d at 253, the court noted that:

"The policy behind sec. 262.19, Stats., requires that the plaintiff's choice of forum should govern unless it can be convincingly shown that a change of forum would increase the likelihood of substantial justice to both parties."

The burden of persuading the court to stay the proceedings under sec. 262.19, Stats., is upon the party seeking the stay. The party seeking the stay must show not only that trial in the forum state will be inconvenient and unjust, but show that a trial in another forum is both more convenient and just.[4]

The major thrust of the respondent Lawyers Title was to show that it would be complicated, difficult, time-consuming and expensive, requiring many out-of-state witnesses and documents to try the question of the validity of the New Jersey claim to land in question. We have concluded that the ultimate determination of the validity of New Jersey's claim is not the test of marketability.

---

[4] Foster—Revisor's Notes to sec. 262.19, W.S.A. (Cum. Supp. 1975–1976).

It follows therefore that much, if not all, of the difficulty, expense and inconvenience portrayed by Lawyers Title is not necessary nor material. Very little proof was offered as to inconvenience and unjustness entailed in proving the remaining affirmative defenses in the Wisconsin court. Nor as stated above, did the trial court give much consideration to the statutory criteria insofar as they applied to the affirmative defenses.

Ordinarily we would reverse and remand for a reconsideration of that problem and the discretionary ruling by the trial court. We are reluctant to do so in this instance because of our concern for judicial management. The action was commenced in 1972. The single issue involved—a sec. 262.19 stay of proceedings—has now been before this court on appeal for a second time. If we were to remand with directions for a second time, conceivably the matter could be before us again. The expenditure of judicial time and the delay and expense to the litigants militates against this disposition. We should determine the issue if the state of the record before us is sufficient for us to do so. We believe it is.

We start with the proposition that the burden to convince the court to grant the motion for a stay of proceedings is upon the party seeking the stay and not upon the party opposing it.

The primary issue is whether the title to the property is marketable. The defenses remaining after the trial court struck all but six of the affirmative defenses are as the trial court characterized them—"legitimate policy defenses."

The fourth affirmative defense which remains at issue is an allegation the plaintiffs-appellants failed to give timely notice of the state's claim as required by Paragraph 3B of the policy. This is a relatively simple issue which ought to be resolved upon the testimony of the parties themselves.

The sixth and twenty-second affirmative defenses are based upon Paragraph 2B of the Conditions and Stipulations of the policy which provides:

"This policy does not insure against loss or damage by reason of the following. . . (b) governmental rights of police power or eminent domain unless notice of judicial action to exercise such rights appears in the public records at the date hereof."

The sixth affirmative defense alleges that the state's claim to the land arises under New Jersey Public Laws of 1970, ch. 272, which became effective November 5, 1970, and is therefore excluded as a "governmental change" under the policy. The twenty-second affirmative defense alleges that the state's claim represents an exercise of the state's police powers subsequent to the issuance of the policy.

The issue raised by these affirmative defenses is whether the state of New Jersey's claim to the Tuckerton property existed under New Jersey law as a cloud on the title at the time the policy of title insurance was issued. Clearly, this question can be resolved by reference to and judicial notice of the laws and decisions of the state of New Jersey.

The eighth affirmative defense alleges that the parent corporation, U. I. P., is not a proper party plaintiff. The proof on this issue will relate only to whether U. I. P. has a sufficient connection with the underlying policy of insurance to enable it to assert a claim based upon that policy.

The thirteenth and sixteenth affirmative defenses allege exclusions contained in Schedule B of the policy. Item 17 excludes loss or damage by reason of the rights of the New Jersey State Department of Conservation and Economic Development, Department of Planning and Development. Item 20 excludes loss or damage by

reason of the rights of the New Jersey Department of Conservation and Economic Development, Division of Navigation, to supervise plans for any building or any other improvements or developments to be erected or made on the waterfront and to abate as a public nuisance any improvements thereon.

These defenses question the source of the state's claim to property in question. The issue can be resolved by the production of the relevant statutory case law of the state of New Jersey which relates to the state's tidelands claim.

In reviewing these issues and applying the statutory criteria for a stay of proceedings, we believe that proper judicial discretion dictates that the motion for a stay of proceeding to permit a trial in a different forum should be denied.

As to the first of the statutory criteria—amenability of the parties to the personal jurisdiction of the parties in Wisconsin and New Jersey—the record amply demonstrates a sufficient basis for the exercise of personal jurisdiction by the Wisconsin Courts.

The second criterion of the statute is—other factors having a substantial bearing upon the selection of a convenient, reasonable and fair place of trial. A law review article and the testimony of its author, Alfred A. Porro, were introduced in evidence to show the delay and the complexities involved in the New Jersey courts and legislature in resolving New Jersey's claim to the land in question. Wisconsin has little or no law concerning tide waterland titles going back to colonial days. However, as noted above, the question in determining marketability is the existence of the claim and not its validity.

In applying the statutory criteria to the facts at hand in the exercise of judicial discretion, we conclude that

defendant-respondent has not met its burden to show sufficient inconvenience or lack of fairness or substantial justice so as to require a trial of the issues in New Jersey rather than Wisconsin.

We repeat our statement in the opinion in the first appeal:

"We emphasize again, as we did in *Littmann, supra,* that a court, having jurisdiction over the parties and the subject matter of an action, ordinarily should adjudicate the litigation before it, and the plaintiff's choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant. Under the statutes, a trial of the cause should be permitted in another state only upon a convincing showing that the trial in Wisconsin is likely to result in a substantial injustice." 65 Wis.2d at 386–87.

*By the Court.*—Order reversed with directions to dismiss the motion for a stay of proceedings under sec. 262.19, Stats.