**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**August 18, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1672**

Cir. Ct. No. **2015PR33**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

IN RE THE ESTATE OF ELIZABETH H. LAUER:

RICHARD A. LAUER,

   APPELLANT,

 V.

DENNIS LAUER, PERSONAL REPRESENTATIVE FOR THE ESTATE OF ELIZABETH H. LAUER,

   RESPONDENT.

        APPEAL from an order of the circuit court for Outagamie County: GREGORY B. GILL, JR., Judge. *Affirmed*.

        Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Richard Lauer, pro se, challenges those parts of an order that denied a petition to remove his brother, Dennis Lauer, as personal representative of their mother's estate, and denied a motion for recusal of the judge.[1]  As best as we can decipher, Richard[2] argues that:  (1) the circuit court erred by denying his petition without a hearing, contrary to WIS. STAT. § 857.15 (2017-18)[3]; (2) the failure to "follow the mandates" of § 857.15 "resulted in a summary judgment"; and (3) denial of the petition is proof of the judge's partiality, thus requiring recusal.  We reject Richard's arguments and affirm the order.

## BACKGROUND

¶2    In July 2015, Richard's mother, Elizabeth Lauer, died intestate with ten adult children.  Dennis petitioned for formal administration of the estate and consented to serve as personal representative.  Eight of the siblings, including

---

[1] Although Richard purports to challenge the denial of his petition to remove Doug Hahn as attorney for the estate, Richard fails to develop any argument specific to Hahn.  We will not develop it for him.  *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.  The underlying order also denied Richard's petition for discovery proceedings and motion for relief from a July 26, 2017 order.  Because he raises no cognizable argument regarding these matters on appeal, any challenge to these parts of the order is deemed abandoned.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (holding that an issue raised in the circuit court, but not raised on appeal, is deemed abandoned).

[2] Because this case involves parties sharing the same last name, we will refer to the parties by their first names.

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Dennis, approved of his appointment as personal representative. Both Richard and another sibling, Mary Beth Lipp, filed their own petitions to serve as personal representative. After a hearing, the circuit court appointed Dennis as personal representative for the estate. Richard appealed, arguing in relevant part that the court should not have rejected Richard's request for appointment as personal representative without first finding him unsuitable, and that the circuit court judge should have recused himself because he prejudged the matter. This court rejected Richard's arguments and affirmed the order. *See Lauer v. Lipp*, No. 2016AP465, unpublished slip op. (WI App July 18, 2017).

¶3 Richard then filed a motion to remove both Dennis as the personal representative for the estate and Douglas Hahn as the attorney for the estate. Richard also sought recusal of the circuit court judge. The court denied the motions in an order entered July 26, 2017. That same day, the court entered the final judgment for formal administration of the estate. The court ordered that after all fees and expenses were paid, the balance of the estate was to be divided equally amongst the ten siblings after adjustment to reflect any distribution of tangible personal property that had been received. Richard appealed the July 26 order and judgment, as well as a subsequent order denying his motion for reconsideration. In an opinion and order dated September 6, 2018, that appeal, No. 2017AP1790, was dismissed pursuant to WIS. STAT. RULE 809.83(2), based on Richard's failure to either file a brief or establish good cause for an extension.

¶4 During the pendency of appeal No. 2017AP1790, Richard filed the underlying petition for a hearing to remove Dennis and Hahn as personal representative and attorney, respectively, of the estate. Richard also moved again for the judge's recusal. The circuit court denied the petition and motion without a hearing, and this appeal follows.

**DISCUSSION**

¶5    As an initial matter, Dennis suggests that Richard's appeal is procedurally barred.  Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated *or which might have been litigated* in the former proceedings." **Lindas v. Cady**, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994) (emphasis added).  The elements of claim preclusion appear to apply, as the issues in this appeal could have been raised in Richard's earlier appeal, had he filed a brief.  Furthermore, we view Richard's prior appeal as essentially moving to reopen the prior judgment, and to the extent he is again making such a claim in the present appeal, it is not properly before us.  Although Richard's present appeal may be procedurally barred, we nevertheless address the merits of his arguments.

¶6    Richard contends that he was entitled to a hearing under WIS. STAT. § 857.15, which governs a personal representative's resignation or removal.  The statute provides:

> The judge may accept the written resignation of any personal representative.  When a personal representative is adjudicated incompetent, disqualified, unsuitable, incapable of discharging the personal representative's duties, or is a nonresident of this state who has not appointed a resident agent to accept service of process in all actions or proceedings with respect to the estate and caused such appointment to be filed with the court, the court shall remove the personal representative.  When any personal representative has failed to perform any duty imposed by law or by any lawful order of the court or has ceased to be a resident of the state, the court may remove the personal representative.  *When grounds for removal appear to exist, the court on its own motion or on the petition of any person interested shall order the personal representative to appear and show cause why the personal representative should not be removed.*

WIS. STAT. § 857.15 (emphasis added). Whether to remove a personal representative is a matter within the circuit court's discretion. ***Bell v. Neugart***, 2002 WI App 180, ¶28, 256 Wis. 2d 969, 650 N.W.2d 52. When reviewing a discretionary decision, we search the record for reasons to sustain the circuit court's exercise of discretion. ***Lofthus v. Lofthus***, 2004 WI App 65, ¶21, 270 Wis. 2d 515, 678 N.W.2d 393. We affirm if there is a reasonable basis for the court's decision. ***Littmann v. Littmann***, 57 Wis. 2d 238, 250, 203 N.W.2d 901 (1973).

¶7 Richard asserts, in conclusory fashion, that because his petition cited "good cause for removal," the statute required the circuit court to order Dennis to appear and show cause why he should not be removed as personal representative of the estate. We are not persuaded. Under the statute's plain language, a court is not required to order a show-cause hearing unless the petition establishes that "grounds for removal appear to exist." By denying the motion, the court, sub silentio, determined no grounds for removal existed. In any event, the record supports the court's discretionary decision. As this court acknowledged in Richard's earlier appeal: "[T]he record supports the court's finding that Dennis was best suited to fill that role [of personal representative]. Eight of the ten heirs requested Dennis' appointment. The court reasonably found the other heirs would more likely cooperate with Dennis, including giving him access to places the alleged will might be found." ***Lauer***, No. 2016AP465, ¶6. The circuit court properly denied the petition without ordering a show-cause hearing.

¶8 Richard also argues the circuit court judge should have recused himself. WISCONSIN STAT. § 757.19 governs judicial disqualification. None of the objective factors that mandate recusal apply in this case. *See* WIS. STAT. § 757.19(2)(a)-(f). The only possible relevant consideration is whether

§ 757.19(2)(g) applies. That paragraph mandates a judge's disqualification "only when that judge makes a determination that, in fact or in appearance, he or she cannot act in an impartial manner." *State v. American TV & Appliance of Madison, Inc.*, 151 Wis. 2d 175, 183, 443 N.W.2d 662 (1989). Whether the subjective situation exists and requires disqualification is based on the judge's own determination of whether he or she will remain impartial. *State v. Harrell*, 199 Wis. 2d 654, 658, 546 N.W.2d 115 (1996). Appellate review of that determination is limited to establishing whether the judge made a determination requiring disqualification. *Id.* at 663-64.

¶9 The statutory paragraph at issue does not require disqualification in situations where: (1) someone other than the judge objectively believes there is an appearance that the judge is unable to act in an impartial manner; or (2) the judge's impartiality can reasonably be questioned by someone other than the judge. *American TV*, 151 Wis. 2d at 183. In Richard's earlier appeal, we noted that because the circuit court judge repeatedly found he could be impartial, there was no basis for this court to decide that he should have recused himself. In the present appeal, Richard offers no new facts other than the court's decision on appeal to support his recusal argument. Specifically, he asserts that the circuit court's denial of the petition without a show-cause hearing is proof of the judge's partiality. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

¶10 Finally, Richard suggests the circuit court erroneously granted summary judgment in favor of Dennis. Richard offers no authority for his claim, and the record provides no basis upon which Richard can establish that the denials of his motions were, in effect, a summary judgment.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.